AO241
(Rev. 10/07)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **EASTERN DISTRIST OF LOUISIANA** |
|---|---|
| Name (under which you were convicted):<br><br>**RICHARD KUHN** | Docket or Case No:<br><br>**18 - 4498** |
| Place of Confinement:<br>**RAYBURN CORRECTIONAL CENTER** | Prisoner No:<br>**403075**<br><br>**SECT. 1 MAG. 4** |
| Petitioner (include the name under which you were convicted)<br><br>**RICHARD KUHN**         v. | Respondent (authorize person having custody of petitioner)<br><br>**WARDEN, RAYBURN CORRECTIONAL CENTER** |
| The Attorney General of the State of:  LOUISIANA | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    **22nd JUDICIAL DISTRICT COURT, PARISH OF WASHINGTON**

    (b) Criminal docket or case number (if you know) **09-CR5-102298, Division I**

2. (a) Date of the judgment of conviction (if you know):  **September 1, 2011**

    (b) Date of sentencing: **September 1, 2011**

3. Length of sentence: **Twenty Five years**

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   X  No

5. Identify all crimes of which you were convicted and sentenced in this case: MANSLAUGHTER

6. (a) What was your plea? (Check one)

    X (1)   Not guilty          ☐  (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty          ☐  (4)   Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

    TENDERED FOR FILING☐  Judge only  ☐

7. Did you testify at a pretrial hearing, trial or a post-trial hearing?

    APR 30 2018    ☐  Yes          ☐   No

    U.S. DISTRICT COURT
    Eastern District of Louisiana
    Deputy Clerk

AO241
(Rev. 10/07)

9. If you did appeal, answer the following:

    a. Name of court: **First Circuit Court of Appeal**

    b. Docket or case number (if you know): **2016-KA-0468**

    c. Result: **Denied**

    d. Date of result: **June 20,2016**

    e. Citation to the case (if you know):  **Unknown**

    f.  Grounds raised: **Same as listed herein**

    (g) Did you seek further review by a high state court?    X  Yes    ❑  No

        If yes, answer the following:

        (1) Name of court: **Louisiana Supreme Court**

        (2) Docket or case number (if you know): **2016-KH-1333**

        (3) Result: **Denied**

        (4) Date of result: **October 27, 2017**

        (5) Citation to the case (if you know): **Unknown**

        (6) Grounds raised: **Same as Listed herein**

    (h) Did you file a petition for certiorari in the United States Supreme Court?    ❑  Yes    X  No

        If yes, answer the following:

        (1) Docket or case number (if you know): **N/A**

        (2) Result: **N/A**

        (3) Date of result (if you know): **N/A**

        (4) Citation to the case (if you know): **N/A**

10.    Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?    ❑  Yes    ❑  No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1)  Name of Court: **22md Judicial District Court**

        (2)  Docket or case number (if you know): **09-CR5-102298**

        (3)  Date of filing (if you know): **Unknown**

        (4)  Nature of the proceeding: **Post-Conviction**

        (5)  Grounds raised: **Same as Listed herein**

(6)  Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes            X  No

(7)  Result: **Denied**

(8)  Date of result (if you know): **Unknown**

(b)    If you filed any second petition, application or motion give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes            ☐ No

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c)    If you filed any third petition, application, or motion, given the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes            ☐ No

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d )   Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

| | | | |
|---|---|---|---|
| (1) First petition: | X  Yes | ☐ No | |
| (2) Second petition: | ☐ Yes | ☐ No | |
| (3) Third petition: | ☐ Yes | ☐ No | |

AO241
(Rev. 10/07) .                                                                                    Page 4

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground..

> Caution: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

# GROUND ONE: VIOLATION OF THE LOUISIANA STATE CONSTITUTION ARTICLE 1 § 13, AND THE UNITED STATES CONSTITUTION'S 4TH; 5TH; 6TH; AND 14TH AMENDMENTS, IN WHICH THE STATE FAILED TO PROTECT THE APPELLANT'S RIGHT TO DUE PROCESS OF THE LAW, HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL; EQUAL PROTECTION OF THE LAW; AND FAILURE TO INFORM THE APPELLANT OF A PLEA AGREEMENT OFFERED BY THE STATE.

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

### SEE MEMORANDUM IN SUPPORT

(b) If you did not exhaust your state remedies on Ground One, explain why: **Exhausted  remedy**

(c)     **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue?   **X Yes**   ❑  No

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Project handled case**

(d) Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

**x Yes**        No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **These Claims are new**

Name and location of the court where the motion or petition was filed: **22nd judicial District Court**

Docket or case number (if you know): **09-CR5-102298**

Date of the court's decision: **Unknown**

Result (attach a copy of the court's opinion or order, if available: **Denied**

AO241
(Rev. 10/07)                                                                                      Page 5

(3) Did you receive a hearing on your motion or petition?            ☐ Yes  **X**  **No**

(4) Did you appeal from the denial of your motion or petition?      **X Yes**  ☐  **No**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   **X Yes**  ☐  **No**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Court of Appeal, First Circuit**

Docket or case number (if you know): **2016-KW-0468**

Date of the court's decision: **June 20, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground One: **Appealed to the Louisiana Supreme Court; 2016-KH-1333**

# GROUND TWO INEFFECTIVE ASSISTANCE OF COUNSEL'S FAILURE TO OBJECT WHEN THE STATE CONTINUED THE PROCEEDING WITHOUT RAISING THE EXCULPATORY *BRADY* EVIDENCE.

(b)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**SEE MEMORANDUM IN SUPPORT**

(C) If you did not exhaust your state remedies on Ground Two, explain why: **Exhausted  remedy**

(d)     **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue?   **X Yes**  ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Project handled case**

(e) Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   **x Yes**          No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **These Claims are new**

Name and location of the court where the motion or petition was filed: **22nd judicial District Court**

Docket or case number (if you know): **09-CR5-102298**

Date of the court's decision: **Unknown**

Result (attach a copy of the court's opinion or order, if available: **Denied**

(3) Did you receive a hearing on your motion or petition?      ❏ Yes  X  No

(4) Did you appeal from the denial of your motion or petition?      X Yes  ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?      X  Yes  ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Court of Appeal, First Circuit**

Docket or case number (if you know): **2016-KW-0468**

Date of the court's decision: **June 20, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(f) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground Two: **Appealed to the Louisiana Supreme Court; 2016-KH-1333**

13.     Please answer these additional question about the petition you are filing:

(a)   Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction?   **X  Yes**      ❏  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **N/A**

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, Ground or grounds have not been presented, and state your reasons for not presenting them:

**No**

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      ❏Yes    No **X**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **N/A**

AO241
(Rev. 10/07) .                                                                                                      Page 7

15.       Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

           the judgment you are challenging?   ❑ Yes         X No

           If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

           **N/A**

16.       Give the name and address, if known, of each attorney who represented you in the following stages of the

           judgment you are challenging:

           (a)   At preliminary hearing: **N/A**

           (b)   At arraignment and plea: **N/A**

           (c)   At trail: **N/A**

           (d)   At sentencing: **N/A**

           (e)   On appeal: **N/A**

           (f)   In any post-conviction proceeding: **N/A**

           (g)   On appeal from any adverse ruling in a post-conviction proceeding: **N/A**

17.       Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are
           challenging?          ❑ Yes         X No

18.       **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain

           The one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition.*

           **This application has been filed with the one year period of the denial of the decision before the Louisiana
           Supreme Court.**

_____

**Petitioner**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255(d) provides in

part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C ) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
**That the Conviction and sentence imposed under the provisions of La. R.S. 15:529.1 be hereby reversed and an original sentence of the trial court be imposed.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on _____ day of _____, 2018.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

AO241
(Rev. 10/07)

Page 1

**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: **WESTERN DISTRIST OF LOUISIANA** |
|---|---|
| Name (under which you were convicted):<br><br>**RICHARD KUHN** | Docket or Case No: |
| Place of Confinement:<br>**RAYBURN CORRECTIONAL CENTER** | Prisoner No:<br>**403075** |
| Petitioner (include the name under which you were convicted)<br><br>**RICHARD KUHN**         v. | Respondent (authorize person having custody of petitioner)<br><br>**WARDEN, RAYBURN CORRECTIONAL CENTER** |
| The Attorney General of the State of: LOUISIANA | |

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    **22ⁿᵈ JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY**

    (b) Criminal docket or case number (if you know) **09-CR5-102298, Division I**

2.  (a) Date of the judgment of conviction (if you know): **September 1, 2011**

    (b) Date of sentencing: **September 1, 2011**

3.  Length of sentence: **Twenty Five years**

4.  In this case, were you convicted on more than one count or of more than one crime?     ❑ Yes   X  No

5.  Identify all crimes of which you were convicted and sentenced in this case: **Second Degree Murder**

6.  (a) What was your plea? (Check one)

    X  (1)  Not guilty          ❑  (3)  Nolo contendere (no contest)

    ❑  (2)  Guilty              ❑  (4)  Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)

    TENDERED FOR FILING  ❑ Judge only  ❑

7.  Did you testify at a pretrial hearing, trial or a post-trial hearing?

    APR 30 2018  ❑ Yes  ❑ No

    U.S. DISTRICT COURT
    Eastern District of Louisiana
    Deputy Clerk

9. If you did appeal, answer the following:

    a. Name of court: **First Circuit Court of Appeal**

    b. Docket or case number (if you know): **2016-KA-0468**

    c. Result: **Denied**

    d. Date of result: **June 20,2016**

    e. Citation to the case (if you know):  **Unknown**

    f.  Grounds raised: **Same as listed herein**

    (g) Did you seek further review by a high state court?     X  Yes      ❑  No

        If yes, answer the following:

        (1) Name of court: **Louisiana Supreme Court**

        (2) Docket or case number (if you know): **2016-KH-1333**

        (3) Result: **Denied**

        (4) Date of result: **October 27, 2017**

        (5) Citation to the case (if you know): **Unknown**

        (6) Grounds raised: **Same as Listed herein**

    (h) Did you file a petition for certiorari in the United States Supreme Court?     ❑  Yes     X  No

        If yes, answer the following:

        (1) Docket or case number (if you know): **N/A**

        (2) Result: **N/A**

        (3) Date of result (if you know): **N/A**

        (4) Citation to the case (if you know): **N/A**

10.    Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?    ❑  Yes    ❑  No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)   (1)  Name of Court: **22md Judicial District Court**

          (2)  Docket or case number (if you know): **09-CR5-102298**

          (3)  Date of filing (if you know): **Unknown**

          (4)  Nature of the proceeding: **Post-Conviction**

          (5)  Grounds raised: **Same as Listed herein**

AO241
(Rev. 10/07)                                                                                           Page 3

(6)  Did you receive an evidentiary hearing on your petition, application or motion?

❑ Yes              X   No

(7)  Result: **Denied**

(8)  Date of result (if you know): **Unknown**

(b)  If you filed any second petition, application or motion give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes              ❑ No

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c)  If you filed any third petition, application, or motion, given the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
❑ Yes          ❑ No

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d )  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition:       X  Yes          ❑  No

(2) Second petition:      ❑  Yes          ❑  No

(3) Third petition:       ❑  Yes          ❑  No

AO241
(Rev. 10/07) .                                                                                                    Page 4

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws,
        or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
        supporting each ground..

                        Caution: To proceed in the federal court, you must ordinarily first exhaust your available
                        state-court remedies as to each ground on which you request action by the federal court.
                        Also, if you fail to set forth all grounds in this petition, you may be barred from presenting
                        additional grounds at a later date.

**GROUND ONE: VIOLATION OF THE LOUISIANA STATE CONSTITUTION ARTICLE 1 § 13, AND THE UNITED STATES CONSTITUTION'S 4TH; 5TH; 6TH; AND 14TH AMENDMENTS, IN WHICH THE STATE FAILED TO PROTECT THE APPELLANT'S RIGHT TO DUE PROCESS OF THE LAW, HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL; EQUAL PROTECTION OF THE LAW; AND FAILURE TO INFORM THE APPELLANT OF A PLEA AGREEMENT OFFERED BY THE STATE.**

        (a)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

                                **SEE MEMORANDUM IN SUPPORT**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Exhausted  remedy**

(c)     **Direct Appeal of Ground One:**

        (1) If you appealed form the judgment of conviction, did you raise this issue?   **X  Yes**  ❑  No

        (2) If you did not raise this issue in your direct appeal, explain why: **Appellate Project handled case**

(d) Post-Conviction Proceedings:

        (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        **x  Yes**        No

        (2)  If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: **These Claims are new**

        Name and location of the court where the motion or petition was filed: **22nd judicial District Court**

        Docket or case number (if you know): **09-CR5-102298**

        Date of the court's decision: **Unknown**

        Result (attach a copy of the court's opinion or order, if available: **Denied**

AO241
(Rev. 10/07).                                                                                Page 5

(3) Did you receive a hearing on your motion or petition?                    ❑ Yes  **X**  **No**

(4) Did you appeal from the denial of your motion or petition?               **X Yes**  ❑  **No**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   **X Yes**  ❑  **No**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Court of Appeal, First Circuit**

Docket or case number (if you know): **2016-KW-0468**

Date of the court's decision: **June 20, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground One: **Appealed to the Louisiana Supreme Court; 2016-KH-1333**

# GROUND TWO INEFFECTIVE ASSISTANCE OF COUNSEL'S FAILURE TO OBJECT WHEN THE STATE CONTINUED THE PROCEEDING WITHOUT RAISING THE EXCULPATORY *BRADY* EVIDENCE.

(b)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

### SEE MEMORANDUM IN SUPPORT

(C) If you did not exhaust your state remedies on Ground Two, explain why: **Exhausted  remedy**

(d)     **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue?   **X Yes**  ❑  No

(2) If you did not raise this issue in your direct appeal, explain why: **Appellate Project handled case**

(e) Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     **x Yes**        No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **These Claims are new**

AO241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: **22nd judicial District Court**

Docket or case number (if you know): **09-CRS-102298**

Date of the court's decision: **Unknown**

Result (attach a copy of the court's opinion or order, if available: **Denied**

(3) Did you receive a hearing on your motion or petition?                ❏ Yes  X  No

(4) Did you appeal from the denial of your motion or petition?          X Yes  ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   X  Yes  ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**Court of Appeal, First Circuit**

Docket or case number (if you know): **2016-KW-0468**

Date of the court's decision: **June 20, 2016**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(f) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground Two: **Appealed to the Louisiana Supreme Court; 2016-KH-1333**


13.     Please answer these additional question about the petition you are filing:

(a)   Have all grounds for relief that you have presented in this petition been presented to the highest state court
having jurisdiction?  X  Yes        ❏  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: **N/A**

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so,
Ground or grounds have not been presented, and state your reasons for not presenting them:

**No**

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ❏Yes     No **X**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.  **N/A**

AO241
(Rev. 10/07) .

Page 7

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?  ❑ Yes       X  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

**N/A**

16.     Give the name and address, if known, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a)  At preliminary hearing: **N/A**

(b)  At arraignment and plea: **N/A**

(c)  At trail: **N/A**

(d)  At sentencing: **N/A**

(e)  On appeal: **N/A**

(f)  In any post-conviction proceeding: **N/A**

(g)  On appeal from any adverse ruling in a post-conviction proceeding: **N/A**

17.     Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are
challenging?            ❑ Yes       X  No

18.     **TIMELINESS OF PETITION**:  If your judgment of conviction became final over one year ago, you must explain

The one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition.*

**This application has been filed with the one year period of the denial of the decision before the Louisiana
Supreme Court.**

_____

Petitioner

AO241
(Rev. 10/07)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of
the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the
Constitution or laws of the United States is removed, if the applicant was prevented from filing by
such state action;

(C )    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if
the right has been newly recognized by the Supreme Court and made retroactively applicable to case
on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered
through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction of other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward any
period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
**That the Conviction and sentence imposed under the provisions of La. R.S. 15:529.1 be hereby reversed and an original
sentence of the trial court be imposed.**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ
of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on _____ day of _____, 2018.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RICHARD KUHN**

**VS**

**ROBERT TANNER, CCE WARDEN**
**RAYBURN CORRECTIONAL CENTER**

**MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 USC 2254**

**STATEMENT OF THE CASE**

On October 25, 2008, Appellant, Richard Dale Kuhn, was arrested Bogalusa Police Department accused on a charge of second degree murder in violation of R.S. 14:30.1 and was placed in the custody of the Sheriff of Washington Parish (See **EXHIBIT "A", Bill of Information**)

On March 18, 2009, the Appellant was charged and indicted by the Grand Jury which was impaneled in Washington Parish. Appellant was indicted for second degree murder.

On or about November 1, 2009, under docket number 09-CR5-102298, Appellant, attended by appointed counsel Pamela Hershey, was arraigned on one count of second degree murder; the matter was set for trial on January 11, 2010.

On August 30, 2011 in open court the Appellant and his retained counsel David Carollo, after the jury was sworn in as a whole; the court convened for trial and the first witness was sworn.

TENDERED FOR FILING

APR 30 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

On September 1, 2011, The a panel of twelve jurors found Richard Dale Kuhn guilty of Manslaughter a violation of R.S. 14:31 and sentenced to serve 25 years at hard labor in the custody of the Louisiana Department of Corrections.

On October 6, 2011, The Appellant was convicted by guilty plea of the habitual offender statute R.S. 15:529.1 (See EXHIBIT "B", Sentencing *"Boykin"* Transcript)

## STATEMENT OF FACTS

On October 25, 2008, the Appellant went to his friend Kenny Roach's house on his way out of town to see if he needs anything before the Appellant left town for the weekend. Kenny Roach indicated to the Appellant that he didn't need anything, as the Appellant started to leave Mr. Roach's roommate asked the Appellant if he would take him to cash a check. After taking the roommate (Mr. Thebault) and after he was refused from cashing checks at several places, the Appellant took him to the Big "R" Daiquiri Shop on Columbia Street in Bogalusa.

As Mr. Thebault was getting out of the Appellant's truck Mr. Thebault dropped something on the passenger side floorboard. The Appellant picked up the dropped item and discovered it to be Kenny Roach's checkbook. The Appellant then called Kenny Roach on his cell phone to find out if Mr. Thebault had his permission to cash checks out of Mr. Roach's checkbook. Kenny Roach told the Appellant that Mr. Thebault did not have his permission and to please bring the checkbook back to him.

As the Appellant was leaving the Big "R" Daiquiri Shop to bring the checkbook back to Kenny Roach, Mr. Thebault came running out of the daiquiri shop shouting for the Appellant to stop. After stopping the truck, Mr. Thebault started looking for the checkbook and asking the Appellant where the checkbook was and the Appellant informed Mr. Thebault that he had

2

possession of it and he was taking it back to Kenny Roach and if Thebault was going, to get in the truck. As soon as Thebault got in the truck, he started cussing the Appellant and instructing the Appellant to take him elsewhere, the Appellant told Mr. Thebault if he did not want to go to Mr. Roach's house he could get out of the truck, because the Appellant was taking the checkbook back to his friend Kenny Roach.

As the Appellant turned off the Highway 60 into Kenny Roach's driveway, Mr. Thebault started cussing and hitting the Appellant on the right side and on the top of his head demanding the Appellant to take him somewhere else.  The Appellant managed to get his truck stopped and parked, the Appellant got out and went around the back of the truck to the passenger side, Mr. Thebault was already out of the truck, and he approached the Appellant and struck him knocking the Appellant to the ground. While the Appellant was on the ground Mr. Thebault reaching into the

Bed of the Appellant's truck looking for something to strike the Appellant with, as the Appellant had tools he used to clear underbrush in the bed of his truck.

As Mr. Thebault was trying to get a hold of a tool to hit the Appellant with from the bed of the truck, he was shouting "Now I'm gonna f**k you up!" he turned slightly toward the Appellant, and the Appellant, while still on the ground, kicked his foot out hitting Mr. Thebault in the groin. Afterward the Appellant was able to get up on his feet; the Appellant then struck Mr. Thebault with his closed fist in the face knocking Mr. Thebault to the ground. (This was the only physical contact the Appellant had with the alleged victim.)

The Appellant then disengaged and went into Mr. Roach's house and gave Kenny his checkbook. After being inside Kenny Roach's house for approximately ten (10) minutes, Mr. Thebault had not come inside, the Appellant went back outside to tell Mr. Thebault that the fight

3

was over and to come inside, Thebault was still lying on the ground, the Appellant told Mr. Thebault again that the fight was over and to come on in the house at which time Thebault told the Appellant "just leave me the f**k alone."

The Appellant left Thebault lying on the ground and went back inside the house, This time Mr. Michael Applewhite[1] was present, Kenny Roach, Michael Applewhite, and the Appellant started talking and as time passed, approximately 20 to 25 minutes, Mr. Thebault still had not come into the house. The Appellant along with Mr. Roach went back outside to check on Mr. Thebault again, he was still on the ground saying things that did not make sense to the Appellant. At this point, the Appellant called 911; the Washington Parish Sheriff's Office sent a Patrol Car and an Ambulance to the scene.

On October 25, 2008, Appellant, Richard Dale Kuhn, without any substantial evidence other than the Appellant admission that he struck the victim in the face, he was subsequently arrested by the Bogalusa Police Department, and the accused was booked on the of the charge of second degree battery later to be upgraded to second degree murder in violation of R.S. 14:30.1 and was placed in the custody of the Sheriff of Washington Parish.

---

[1] Mr. Michael Applewhite was living with Mr. & Mrs. Thebault and known to be having a romantic affair with Donna Thebault, Mr. Thebault's wife. Also Mr. Applewhite left the scene for over an hour before returning to speak with officers, saying he was afraid because he was on parole.

4

## LAW AND ARGUMENT

**Claim #1:**     **VIOLATION OF THE LOUISIANA STATE CONSTITUTION ARTICLE 1 § 13, AND THE UNITED STATES CONSTITUTION'S 4TH; 5TH; 6TH; AND 14TH AMENDMENTS, IN WHICH THE STATE FAILED TO PROTECT THE APPELLANT'S RIGHT TO DUE PROCESS OF THE LAW, HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL; EQUAL PROTECTION OF THE LAW; AND FAILING TO INFORM THE APPELLANT OF A PLEA AGREEMENT OFFERED BY THE STATE.**

In this particular case the Appellant was denied his right to due process of law by the incompetent manner in which trial counsel failed in the first and foremost duty in the relationship of client and counsel that being loyalty to his client. The counsel in this case, David Carollo, Esq.) failed to inform the Appellant of  the offer given to him by the state's prosecutor for his client to consider, a seven year plea agreement that was offered before trial, but the counsel for defense withheld this offer from the Appellant till the end of the trial. "Defense counsel was duty bound by the *Canons of Ethics* to give a full and honest disclosure of the facts essential to the guilty plea ..." See *State v. Reynolds*[2]; also see **(EXHIBIT "F", sworn Affidavit)**

As testimony at trial relates the Appellant admitted to striking the victim and felt that he deserved some punishment for his involvement, *the defendant was on trial for his life being charged with second degree murder with it's mandatory life sentence*, the plea of seven years would have been accepted by the Appellant if he would have been given the information and a chance to accept it. The defense counsel told the defendant of the plea agreement after the trial had begun in the presence of several of his family members.

---

[2] State v. Reynolds, 716 So.2d 485, 98-170 (La.App. 5 Cir. 1998)

In ***Strickland v. Washington***[3], a two-part test is required to be met to enable a convicted defendant to successively raise the claim of ineffective assistance of counsel by demonstrating that: "first, defendant must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable."

Counsel's function in representing a criminal defendant is to assist the defendant, and hence counsel owes his or her client the duty of loyalty and a duty to avoid conflicts of interest. From counsel's function as assistant to defendant, derive the overarching duty to advocate defendant's cause and more particular duties to consult with defendant on important decisions and to keep defendant informed of important developments in course of the prosecution. As fore mentioned the trial counsel in this case failed to inform the Appellant of pertinent information of a plea agreement in which the defendant had previously asked his counsel if any offer had been made instead of a mandatory life sentence for second degree murder if found guilty. Had the retained attorney informed his client of the offer for seven years, the Appellant would have *accepted* that plea, and changed his plea of not guilty to a plea of guilty to an amended charge, and this would have changed the outcome of the proceedings.

Even if the trial itself is free from constitutional flaw, the defendant who, based on the deficient performance of counsel, goes to trial instead of taking a more favorable plea may be **prejudiced**, as element of ineffective assistance of counsel, from either a conviction on more serious counts or the imposition of a more severe sentence. If a plea bargain has been offered, a

---

[3] Strickland v. Washington, 446 U.S. 668, 687 – 88, 694, 104 S.Ct. 2052, 2064 -74, 80 L.Ed.2d 674 (1984)

6

defendant has the right to effective assistance of counsel in considering whether to accept it, and if that right is denied, prejudice can be shown, under the prejudice prong of the Strickland test for ineffective assistance of counsel, if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence. See ***Lafler v. Cooper***,[4] 132 S.Ct. 1376 (2012)

In ***Lafler,*** the constitutional guarantee of effective assistance of counsel applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice. The proper standard under *Strickland* is the prejudice test, namely, whether there was reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. The Court held that when the prejudice alleged is having to go to trial that a defendant must show that but for the ineffective advice (or lack thereof), there is a reasonable probability that the **plea offer** would have been presented to the court ( i.e., that the defendant would have accepted the **plea,** and the prosecution would have withdrawn it in light of intervening circumstances); and the Court would have accepted the terms; and that the conviction or sentence, or both, under the **offer's** terms would have been less severe than under the actual judgment and sentence imposed. *Lafler* at 1383 – 1388.

In furtherance, The Court held that if the sole advantage is that the defendant would have received a lesser sentence under the **plea**, the court should hold an evidentiary hearing to determine whether the defendant would have accepted the **plea**, If so, the court may exercise discretion in determining whether the defendant should receive the term **offered** in the **plea,** the sentence received at trial, or something in between. However, where the **offered** guilty **plea** was

---

[4] Lafler v. Cooper, 132 S.Ct. 1376 (2012)

for less serious counts, the proper remedy may be to require the prosecution to reoffer the plea. The judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea, or leave the conviction undisturbed. ***Lafler at 1388 – 1390*** quoting from ***State v. Hayes***[5],

The Appellant is not an attorney and did not know the jurisprudence of a criminal proceeding; he counted on the experience of a retained trial lawyer who failed in his obligation to protect the best interest and not prejudice his client. The aforementioned defense counsel in the trial phase refused to call witnesses for the Appellant, the two witnesses visited the attorney's office and relayed information about the incident on the night of October 25, 2008 told to them by Michael Applewhite saying "I finally paid that 'mother f**ker' (Appellant) back for getting in my business, him and that a**hole 'T', showed him (Thebault) what a bat is made for, now that 'motherf**ker's (Appellant) in jail, and I put him there, f**k'n right I did." These two witnesses where at the Court in Franklinton, Louisiana the day of the trial, and was told by the defense counsel they were not needed.

---

[5] <u>State v. Hayes</u>, 108 So.3d. 360, (La.App. 4 Cir. 2013)

**Claim #2.    INEFFECTIVE ASSISTANCE OF COUNSEL'S FAILURE TO OBJECT WHEN THE STATE CONTINUED THE PROCEEDING WITHOUT RAISING THE EXCULPATORY *BRADY* EVIDENCE.**

The Appellant in this case, is physically challenged by a disability on the left side of his body. The degree of his disabilities is so severe that the Social Security Administration and the doctors that examined the Appellant declared him totally disabled to the degree of one hundred percent (100%). The Appellant relied on this trial counsel to raise the issues of his defense and enter into evidence the medical records of his physical condition, the failure to enter this evidence to the record prevented the jury at trial to fully understand the improbability of the Appellant's abilities to defend himself or mount an offensive attack on any physically fit individual. See; ***Brady v. Maryland***[6],

The failure of the defense counsel to enter the ***Brady*** information to the record as exculpatory evidence is clearly a violation of the duties of a counsel's loyalty to his client and to guard the best interest for his client, and in furtherance the district attorney failed to make this same information available to the jury as exculpatory evidence as he was fully informed of the disabilities of the Appellant.

Due process requires the disclosure of evidence that is both favorable to the accused and material either to guilt or punishment The ***Brady*** rule also requires the disclosure of evidence adversely affecting the credibility of government witnesses.  See ***Giglio v. United States***[7],  when such information is not disclosed and it is material in that its suppression undermines the

---

[6] <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d. 215 (1963)
[7] <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)

confidence in the outcome of the trial, then constitutional error occurs and the conviction must be reversed.  ***United States v. Bagley***[8]

Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  **Id.** Materiality hinges on "not whether the defendant would more likely than not have receive a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." See ***Kyles v. Whitley***[9]

Further, the defendant must show that "disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable.  See State v. Hollins[10]; *a* Brady violation occurs when the "evidentiary suppression 'undermines confidence in the outcome of the trial. " **Kyles,** *514 U.S. at 434, 115 S.Ct. at 1566* (quoting Bagley, *473 U.S. at 678, 105 S.Ct. at 3381).* Also in **Kyles** "Although constitutional duty of government to disclose favorable evidence to defendant is triggered by potential impact of favorable but undisclosed evidence, showing of "materiality" as required under Brady does not require demonstration by preponderance that disclosure of suppressed evidence would have resulted ultimately in defendant's acquittal;  rather, touchstone of materiality is "reasonable probability" of different result."

The fact that this evidence was withheld from the jury shows the prejudice that the Appellant suffered in this tribunal. The jury was never allowed the privilege of knowing the complete story, nor were they allowed a complete picture of the events that took place that evening. The only thing the jury knew was what the prosecutor wanted them to know, which

---

[8] United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985)
[9] Kyles v. Whitely, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995)
[10] State v. Hollins 123 So.3d 840, 2011-1435 (La.App. 4 Cir. 8/29/13)

undermines the fairness of this judicial process of a fair trial by a unbiased and impartial court of law.

Had the jury been given the additional evidence there exists a "reasonable probability" that there would have been a different result in the trial in favor of the Appellant. The counsel for defense dropped the ball when it came to defending his client, the above named Appellant, the counsel had a duty to ensure that the best interest of his client was guarded and protected. The charge of 2nd degree murder or the lesser included verdict in manslaughter is a violent act, a physical altercation between two men ensued, both were intoxicated, one of those, the Appellant, is physically challenged, the likelihood of the prosecutions story might be feasible at best, but with the elimination of the exculpatory facts and in light of this evidence the story becomes less feasible to the reasonable man.

## CONCLUSION

**WHEREFORE,** Appellant prays that the Court grant Application for Writ of Habeas Corpus pursuant to 28 USC 2254 and allow the Petitioner the right to argue this case before the federal Court upon review.

Respectfully Submitted,

_____
Richard Dale Kuhn # 403075
Rayburn Correctional Center
27268 Hwy. 21 North
Angie, Louisiana 70426-3030

11

Richard Kuhn #403075
Rayburn Corr. Center
27268 Hwy 21. N.
Angie, La. 70426

NOT CENSORED
Not Responsible for Contents
APR 27 2018
RAYBURN CORRECTIONAL CENTER

William U. Blevins, Clerk
United States District Ct.
Eastern District
500 Poydras St. Rm C151
New Orleans, La.
70130


PRIORITY MAIL
UNITED STATES POSTAL SERVICE ®
LABEL 107, APRIL 1995


Overnight
Priority


US POSTAGE PITNEY BOWES
ZIP 70426
02 1W
0003568895 APR 27 2018
$ 006.70°