## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICHARD KUHN**                                              **CIVIL ACTION**

**VERSUS**                                                   **NO. 18-4498**

**WARDEN, RAYBURN**                                          **SECTION "I"(4)**
**CORRECTIONAL CENTER**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2) (2006)**.[1]

## I.    Factual and Procedural Background

The petitioner, Richard Kuhn ("Kuhn"), is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On March 18, 2009, Kuhn was indicted by a Washington Parish Grand Jury on one count of second degree murder.[3]

The record reflects that, Kenneth Roach and Michael Applewhite lived at a residence located on Highway 60.[4]  The victim, Joseph L. Thibault III, occasionally stayed there with them.

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 4-1.

[3]St. Rec. Vol. 1 of 8, Indictment, 3/18/09.

[4]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Kuhn*, No. 2014-KA-0174, 2014 WL 4783399, at *1-2 (La. App. 1st Cir. Sep. 25, 2014); St. Rec. Vol. 7 of 8, 1st Cir. Opinion, 2014-KA-0174, pp. 2-5, 9/25/14.

On October 24, 2008, Washington Parish Sheriff's Detective Dorman Kellis was called to the residence on the report of a battery. Detective Kellis spoke with Kuhn who told him that he had taken Thibault to various businesses in Bogalusa earlier that day in an attempt to cash checks. At one point, Thibault dropped a checkbook and when Kuhn picked it up, he saw that it belonged to Roach. Kuhn called Roach who confirmed that he had not given anyone permission to cash his checks. Kuhn refused to give the checkbook back to Thibault. After driving to Roach's house, the two men got into an altercation during which Kuhn kicked Thibault and hit him in the jaw.

Kuhn went into the house at least once to speak to Roach about the checkbook. When Roach again confirmed it was his checkbook, Kuhn headed back outside, and Applewhite followed him. From about six to eight feet from the driver's side door, Applewhite saw that Thibault was in the truck and apparently unconscious. Kuhn grabbed Thibault and pulled him out of the passenger side door. When Kuhn began kicking Thibault, Applewhite went inside to get Roach to intervene. Roach went outside and hollered for Kuhn to stop. Applewhite and Roach then went back inside, and Kuhn soon followed behind them to call 911.

The emergency personnel arrived to find Thibault in an unconscious state. After reviving him, he was taken to the emergency room. Thibault again was revived by the emergency room doctor. Thibault's head showed several layers of contusions and superficial lacerations, and he had rib fractures and a spleen injury. The treating physician performed surgery, but Thibault did not respond to further efforts to sustain him. He died from complications of a ruptured spleen.

Kuhn was tried before a jury on August 29 through September 1, 2011, and was found guilty of the lesser charge of manslaughter.[5] On October 10, 2011, the Court sentenced Kuhn to

---

[5]St. Rec. Vol. 1 of 8, Trial Minutes, 8/29/11; Trial Minutes, 8/30/11; Trial Minutes, 8/31/11; Trial Minutes, 9/1/11; Jury Verdict Form, 9/1/11; Jury Poll (5 pages), 9/1/11; St. Rec. Vol. 3 of 8, Trial Transcript, 8/29/11; St. Rec.

serve 25 years in prison at hard labor.[6]   Kuhn also entered a plea of not guilty to the State's

multiple offender bill.[7]  At a hearing held June 14, 2013, Kuhn stipulated to being a second felony

offender, and was resentenced as a second felony offender to serve 25 years in prison without

benefit of probation, or suspension of sentence.[8]

On direct appeal, Kuhn's appointed counsel asserted that the state trial court erred by

accepting the verdict when the evidence established that Kuhn acted in self-defense.[9]   On

September 25, 2014, the Louisiana First Circuit affirmed Kuhn's conviction and habitual offender

adjudication and sentence, finding that the evidence was sufficient to support the verdict.[10]

Kuhn's conviction was final under federal law thirty (30) days later, on Monday, October

27, 2014,[11] because he did not file for rehearing or seek timely review in the Louisiana Supreme

Court.  *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690,

---

Vol. 4 of 8, Trial Transcript (continued), 8/29/11; St. Rec. Vol. 5 of 8, Trial Transcript, 8/30/11; St. Rec. Vol. 6 of 8, Trial Transcript, 8/31/11; Trial Transcript, 9/1/11.

[6]St. Rec. Vol. 1 of 8, Sentencing Minutes, 10/10/11; St. Rec. Vol. 6 of 8, Sentencing Transcript, 10/10/11. At the sentencing hearing, Kuhn filed pro se a motion for post-conviction relief, which the Trial Court deemed premature.  St. Rec. Vol. 1 of 8, Motion for Post-Conviction Relief, 10/4/11 (dated 9/9/11); St. Rec. Vol. 6 of 8, Sentencing Transcript, pp. 5-6, 10/10/11.

[7]St. Rec. Vol. 1 of 8, Sentencing Minutes, 10/10/11; Multiple Bill, 10/6/11; St. Rec. Vol. 2 of 8, Sentencing Transcript, 3/9/12.

[8]St. Rec. Vol. 2 of 8, Multiple Bill Hearing Minutes, 6/14/13; St. Rec. Vol. 6 of 8, Sentencing Transcript, 6/14/13.

[9]St. Rec. Vol. 8 of 8, Appeal Brief, 2014-KA-0174, 3/10/14.

[10]*Kuhn*, 2014 WL 4783399, at *1; St. Rec. Vol. 7 of 8, 1st Cir. Opinion, 2014-KA-0174, 9/25/14.  The Court also took corrective measures related to the sentencing minutes.

[11]The thirtieth day was Saturday, October 25, 2014.  The deadline therefore fell to the next business day, Monday, October 27, 2014.  *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

693 (5th Cir. 2003) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

On October 28, 2014, Kuhn signed and untimely[12] submitted a writ application to the Louisiana Supreme Court, which the Court denied without stated reasons on September 11, 2015.[13]

On September 22, 2015, Kuhn signed and submitted an application for post-conviction relief to the state trial court asserting that he received ineffective assistance of counsel when counsel failed to timely notify him of a plea offer by the State and failed to object to the State's failure to present "*Brady*" evidence of petitioner's physical disabilities.[14]  On October 26, 2016, the Trial Court summarily denied the application.[15]

On February 22, 2016, the Louisiana First Circuit denied Kuhn's related writ application, because Kuhn failed to meet the procedural filing requirements.[16]  The Court granted Kuhn until April 7, 2016, to file a proper writ application.  Kuhn did so on April 4, 2016, and the Court summarily denied that writ application on June 20, 2016.[17]

---

[12]La. S. Ct. Rule X§5 gives 30 days from the appellate court's ruling to file or mail a writ application.

[13]*State ex rel. Kuhn v. State*, 176 So.3d 1036 (La. 2015); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2014-KH-2311, 9/11/15; La. S. Ct. Writ Application, 14-KH-2311, 11/5/14 (dated 10/28/14); St. Rec. Vol. 7 of 8, La. S. Ct. Letter, 2014-KH-2311, 11/5/14 (showing postal meter date of 10/29/14).

[14]St. Rec. Vol. 7 of 8, Application for Post-Conviction Relief, 9/25/15 (dated 9/22/15).

[15]St. Rec. Vol. 7 of 8, Trial Court Order, 10/26/15.

[16]St. Rec. Vol. 8 of 8, 1st Cir. Order, 2015-KW-1832, 2/22/16; 1st Cir. Writ Application, 2015-KW-1832, 11/21/15; *see also*, St. Rec. Vol. 7 of 8, Notice of Intent, 11/4/15; Trial Court Order, 12/17/15.

[17]St. Rec. Vol. 8 of 8, 1st Cir. Order, 2016-KW-0468, 6/20/16; 1st Cir. Writ Application, 2016-KW-0468, 4/4/16 (dated 4/4/16).

On October 27, 2017, the Louisiana Supreme Court denied Kuhn's subsequent writ application citing *Strickland v. Washington*, 466 U.S. 668 (1984).[18]

## II.    Federal Petition

On May 16, 2018, after correction of certain deficiencies, the clerk of this Court filed Kuhn's federal petition for habeas corpus relief in which he asserted that he received ineffective assistance of counsel when counsel failed to inform him of a plea offer by the State and failed to object to the State's failure to raise exculpatory *Brady* evidence of Kuhn's physical disability.[19]

The State filed a response in opposition to Kuhn's federal habeas petition asserting that it was not timely filed and the claims are otherwise meritless.[20]

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to this petition, which is deemed filed in this Court no later than April 27, 2018.[22]  The threshold questions on habeas review under the amended statute are whether

---

[18]*State ex rel. Kuhn v. State*, 228 So.3d 199 (La. 2017); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2016-KH-1333, 10/27/17; La. S. Ct. Writ Application, 16-KH-1333, 7/14/16 (dated 7/7/16).

[19]Rec. Doc. No. 4.

[20]Rec. Doc. No. 13.

[21]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court received Kuhn's deficient petition on April 30, 2018, filed the corrected petition on May 16, 2018, and opened the case on June 4, 2018, when the filing fee was paid.  Kuhn did not date any of his original pleadings which were stamped by prison officials for mailing on April 27, 2018, which is the earliest date appearing in the record on which he could have

the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes that Kuhn exhausted state court review of the claims and asserts that the petition was not timely filed under the AEDPA. For the following reasons, the Court finds that Kuhn's federal habeas petition was not timely filed and must be dismissed for that reason.

## IV.   <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[23] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As stated above, Kuhn's conviction was final under federal law on October 27, 2014, following his direct appeal. Pursuant to § 2244, Kuhn had one year from that date, or until October 27, 2015, to timely file a federal application for habeas corpus relief which he did not do. Thus, literal application of the

---

presented his pleadings to prison officials for mailing. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his *pro se* petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

[23]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

statute would bar Kuhn's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.    <u>Statutory Tolling</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition

7

challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In Kuhn's case, the AEDPA filing period began to run on October 28, 2014, the day after his conviction and sentence were final under federal law.  The one-year AEDPA filing period continued to run uninterrupted from that date for 329 days, until September 22, 2015, when he signed and submitted his application for post-conviction relief to the state trial court.

The Court is aware of the Louisiana Supreme Court writ application signed and submitted by Kuhn on October 28, 2014.  However, that writ application was not timely filed under La. S. Ct. R. X§5 and, under federal law, cannot be considered in the AEDPA's finality or limitations calculation.  *See Butler*, 533 F.3d at 317, 319 (La. S. Ct. R. X§ 5(a) forbids any extension of time); *Williams*, 217 F.3d at 309-11 (same).  As the United States Supreme Court has declared, "[w]hen a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 414.

Kuhn's state court application for post-conviction relief deemed filed under the mailbox rule on October 28, 2014, remained pending until October 27, 2017, when the related writ application was denied by the Louisiana Supreme Court.  The one-year AEDPA limitations period began to run again the next day, October 28, 2017, and did so for the remaining 36 days of the

period, until Monday, December 4, 2017,[24] when it expired.  Kuhn had <u>no</u> properly filed application for state post-conviction or other collateral review pending in a state court during that time period.

Thus, Kuhn's federal petition deemed filed on April 27, 2018, was filed more than four months after the AEDPA filing period expired on December 4, 2017.  Kuhn's federal petition was not timely filed and should be dismissed with prejudice for that reason.

      **B.**    <u>**No Equitable Tolling**</u>

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters);

---

[24]The last day was Saturday, December 2, 2017.  The deadline therefore fell to the next business day, Monday, December 4, 2017.  *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6.

*Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Kuhn has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record instead simply reflects that Kuhn did not timely file this federal habeas petition, and he is not entitled to equitable tolling.

Kuhn's federal petition deemed filed on April 27, 2018, was not timely filed within the AEDPA statute of limitations. The petition should be dismissed with prejudice as time-barred.[25]

---

[25]The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911 (2013), do not provide a basis for review of Kuhn's untimely filed federal petition or

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Richard Kuhn's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[26]

New Orleans, Louisiana, this 27th  day of September, 2018.

_____

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

his ineffective assistance of trial counsel claims.  In *Martinez*, the Court held that a state court imposed "'procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1914 (quoting *Martinez*, 566 U.S. at 17) (emphasis added).  The bar to review at issue here arises from Kuhn's failure to meet the federal limitations deadline under the AEDPA.  The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition.  *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report).  These cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA.  *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) (". . . the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Thus, neither *Martinez* nor *Trevino* provide Kuhn relief from the untimeliness of his petition.

[26]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.